[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This action was commenced by the plaintiff, Roger Griswold, against the defendant, Blackburn Janitorial, L.L.C., on April 17, 1995. The complaint alleges that the plaintiff, sixty-eight years of age, injured his back when he slipped on ice while reporting to work on March 4, 1994, and that shortly after his return to work from his injuries he was demoted from his supervisory position and transferred to a job-site that cut his work time from forty-four hours per week to only twelve. The plaintiff further alleges that he filed a formal claim for workers' compensation benefits on April 18, 1994, that upon reporting to work on May 3, 1994, he was informed that he had been "replaced", and that on May 27, 1994, he was given an official discharge letter dated April 30, 1994. The plaintiff asserts a claim for retaliatory discharge in violation of General Statutes § 31-290a of the Connecticut Workers' Compensation Act in count one and age discrimination in violation of the Connecticut Fair Employment Practices Act (CFEPA), General Statutes § 46a-60, et seq. in count two.[1]
The defendant filed an answer and six special defenses on May 15, 1995, to which the plaintiff replied on April 24, 1996. The defendant filed the present motion to dismiss and supporting memorandum of law on May 7, 1996. The plaintiff filed an objection and supporting memorandum on May 31, 1996.
DISCUSSION
The defendant argues that this court is without subject matter jurisdiction over the plaintiff's claims, because the plaintiff has failed to exhaust his administrative remedies by first pursuing a claim before the Commission on Human Rights and Opportunities (CHRO). "[B]ecause the exhaustion doctrine implicates subject matter jurisdiction, we must decide whether that doctrine requires dismissal of the plaintiff['s] CT Page 5284-I claim. Concerned Citizens of Sterling v. Sterling, 204 Conn. 551,556, 529 A.2d 666 (1987).
The plaintiff's claim for relief seeks punitive damages, attorney's fees and costs. "The CHRO does not have authority to award attorney's fees. . . ."; Dinegar v. University ofNew Haven, Superior Court, judicial district of New Haven, at New Haven, Docket No. 37 82 56 (November 30, 1995, Fracasse, ___, CSCR ___); or punitive damages. Cross v. Nearine,
Superior Court, judicial district of Hartford-New Britain, at Hartford, Docket No. 53 86 75 (February 17, 1995, Wagner, J.,
___ CLR ___). "[W]here a plaintiff seeks relief beyond the power of the CHRO to grant, the court is not deprived of jurisdiction solely on the basis that administrative remedies were not initiated and exhausted before the agency." Id. "Therefore, the plaintiff need not exhaust administrative remedies through CHRO before instituting the present action "Dinegar v. University of New Haven, supra.
CONCLUSION
Based on the foregoing, the defendant's motion to dismiss is denied
Hurley J.